**ASHLAND OIL, INC., Plaintiff,**

v.

**Ted W. GLEAVE, Defendant.**

**No. CIV–85–1515E.**

United States District Court,
W.D. New York.

June 24, 1986.

Lawrence Cooper, Buffalo, N.Y., for plaintiff.

David R. Knoll, Buffalo, N.Y., for defendant.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

This matter is on appeal from the November 22, 1983 decision of United States Bankruptcy Judge McGuire. Presently pending is the motion by the appellee, Ted. W. Gleave, for an extension of time within which to file his brief on appeal. Bankruptcy Rule 8009 provides that an appellant shall serve and file his brief within 15 days after the entry of the appeal and that an appellee shall serve and file his brief within 15 days after service of the brief of the

appellant. By stipulation of the parties signed by this Court December 31, 1985 appellant's time to file his brief was extended to February 3, 1986. Subsequently the appellant timely filed and served his brief in accordance with the stipulation. The present motion was filed March 21, 1986. Additionally, the appellant's attorney avers that his firm was contacted by the law firm representing the appellee "on or about" March 5, 1986 requesting an extension of time and that this represented the first such contact. The appellee's attorney asserts in his motion that the reason for the delay was his hospitalization March 1, 1986 with serious injuries as the result of an accident. Inasmuch as such date was well beyond the filing deadline, the attorney's hospitalization does not explain the earlier failure to file his brief timely or to move timely for an extension.

Despite the appellee's attorney's irresponsible conduct, there is no evidence of any significant prejudice to the appellant. Denying leave to file the brief (which was received by this Court March 21st although an extension of time had not been granted) is too strong a penalty, particularly as it penalizes the attorney only indirectly. Nonetheless the appellant has been obliged to respond to the present motion—incurring some expense due to the appellee's fault. This Court shall award appropriate attorney's fees to be charged against the attorney for the appellee subject to its approval of appropriate supporting documentation. Accordingly, the appellee's motion for an extension of time is hereby ORDERED granted to the extent that this Court will consider the previously submitted brief. The appellee is directed to serve a copy of such brief on the appellant immediately upon receipt of this Order if he has not already done so. The appellant is directed to submit for the Court's review documentation of appropriate fees and costs incurred in connection with the present motion.